# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## KEVIN WILKINS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-13179      John T. Fowlkes, Jr., Judge**

---

**No. W2010-02089-CCA-R3-HC  - Filed August 25, 2011**

---

The Petitioner, Kevin Wilkins, appeals the Criminal Court of Shelby County's dismissal of his petition for writ of habeas corpus.[1]  The State has filed a motion requesting that this court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Kevin Wilkins, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was originally convicted of first degree murder and especially aggravated kidnapping.  Following his direct appeal, his conviction for first degree murder was reversed and dismissed, and the conviction for especially aggravated kidnapping was affirmed.  State v. Kevin Wilkins, No. W1999-01462-CCA-MR3-CD,  2000 WL 1229156, at *1 (Tenn. Crim. App., at Jackson, Aug. 18, 2000), perm. to appeal denied (Tenn. Feb. 20, 2001).  The petitioner then filed a petition for post-conviction relief, which was dismissed

---

[1]There is no transcript of a hearing on this matter included in the record on appeal.  However, this court notes a minute entry which designated that the Petitioner's "petition for post-conviction relief" was heard by the parties, fully considered by the court, and taken under advisement.

as untimely. On appeal, this court ruled that the petition had been timely filed and remanded the case for an evidentiary hearing. Kevin Wilkins v. State, No. W2002-00436-CCA-R3-PC, 2002 WL 31624971, at *1 (Tenn. Crim. App., at Jackson, Nov. 14, 2002). On remand, the Petitioner challenged trial counsel's failure to appeal the petitioner's conviction for especially aggravated kidnapping, and the post-conviction court granted the petitioner relief. The State appealed and we reversed the judgment of the post-conviction court. Kevin Wilkins v. State, No. W2006-00639-CCA-R3-PC, 2008 WL 1788055, at *1 (Tenn. Crim. App., at Jackson, Apr. 18, 2008), perm. to appeal denied (Tenn. July 25, 2008). All of the issues raised in the Petitioner's preceding appeals concerned the sufficiency of the evidence supporting his conviction.

On May 27, 2010, the Petitioner filed for writ of habeas corpus in the Criminal Court of Shelby County, which was later amended on July 6, 2010. The Petitioner alleged, inter alia,

> The twenty-five (25) year sentence at 100% Petitioner received on the Especially Aggravated Kidnapping conviction was illegal because it was based on the Court's ruling that the Petitioner was a 'violent offender' because of his prior First-Degree Murder conviction, which was ultimately overturned and vacated. Additionally, said sentence is in violation of the Tennessee Criminal Sentencing Reform Act of 1989 because the Petitioner's sentence was outside the range ordinarily established for a defendant under similar circumstances.

The Petitioner further argued in his petition and on appeal that his judgments were void because his sentence was enhanced in violation of his right to a jury trial under Blakely v. Washington, 542 U.S. 296 (2004).

The State filed a motion in opposition to the writ pointing out that the Petitioner did not include the judgment of the especially aggravated kidnapping conviction and further arguing that his petition did not warrant habeas corpus relief. The State explained that the Petitioner was found guilty of especially aggravated kidnapping, a Class A felony, with a sentence range of fifteen to twenty-five years imprisonment. The State maintained that the trial court imposed a legal sentence pursuant to Tennessee Code Annotated Section 40-35-112. The State further argued that Blakely claims are not cognizable for habeas corpus relief because "any such violation merely renders the questioned judgment voidable rather than void." By written order, and after reviewing the original sentencing transcript attached to the petitioner's memorandum, the trial court denied habeas corpus relief. It is from this order that the Petitioner now appeals.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution.  See also  T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).  "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments."  Id. at 163.  "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired."  Taylor, 995 S.W.2d at 83.

> In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007).

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal.  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed.  See Hickman, 153 S.W.3d at 20.  Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void.  Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

As an initial matter, the petitioner has failed to comply with the procedural requirements for habeas corpus relief by not attaching copies of his judgment to his petition. See T.C.A. § 29-21-107; see also Hickman, 153 S.W.3d at 19-20 (stating that the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed).

On this ground alone, he is not entitled to habeas corpus relief. Even considering the petitioner's claim as stated in his brief to this court, "whether the trial court of Shelby County Criminal Court imposed Appellant's sentence term of twenty-five (25) years in direct contravention of Tenn. Code Ann. § 40-35-210(c)", the petitioner fails to present a cognizable claim of habeas relief. This statute clearly provides the trial court with jurisdiction to impose a sentence of twenty-five years for the Petitioner's especially aggravated kidnapping conviction. Finally, the petitioner's claim that he was sentenced in violation of Blakely v. Washington must fail. This court has repeatedly held that, even if such a defect occurred, the defect would only render the judgment voidable, not void. See, e.g., Wayford Demonbreun, Jr. v. State, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873 (Tenn. Crim. App., at Nashville, June 30, 2005) perm. to appeal denied (Tenn. Oct. 31, 2005); Stanley Harvell v. Glen Turner, No. W2004-02643-CCA-R3-HC, 2005 WL 839891 (Tenn. Crim. App., at Jackson, Apr. 12, 2005) perm. to appeal denied (Tenn. Oct. 3, 2005); Earl David Crawford v. Ricky Bell, No. M2004-02440-CCA-R3-HC, 2005 WL 354106 (Tenn. Crim. App., at Nashville, Feb. 15, 2005) perm. to appeal denied (Tenn. June 27, 2005). Also, the Tennessee Supreme Court has determined that the Blakely decision did not announce a new rule of law, did not impact the validity of our statutory sentencing structure, and is not subject to retroactive application. See State v. Gomez, 163 S.W.3d 632, 649-50, 658-62 (Tenn. 2005), vacated by Gomez v. Tennessee, 549 U.S. 1190 (2007); see also State v. Gomez, 239 S.W.3d 733 (Tenn. 2007). The Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE